Fink, jun. *against* Bryden.

JOHNSON, for the defendant, moved to set aside the inquest taken in this cause, on an affidavit of the defendant, that the inquest was for more than was due to the plaintiff, and that the defendant had a good, legal and substantial defence on the merits.

*R. Bogardus*, contra, objected that the affidavit was defective in the same points as were mentioned in the preceding cause; and that the defendant had assigned a reason for swearing to a defence, that more damages had been assessed than were really due, which he said could only be a few cents in the calculation of interest; and he offered to remit whatever had been included more than was due.

*Per Curiam.* For the reason assigned in the former cause, the defendant may renew his application on the last non-enumerated day, and by a new affidavit can explain whether the cause stated is the sole ground of his affidavit of merits.

On the last non-enumerated day, the application was renewed, on an affidavit stating, that an inquest had been taken by default in the cause, and out of its order on the calendar, and the usual affidavit of merits. But *The Court* said, that it was insufficient, as the defendant was required to explain the ground of his defence; but they would give further time for that purpose before the rising of the court. The defendant afterwards produced a further affidavit explaining the grounds of his defence, which *The Court* said was sufficient, and thereupon granted the motion.

Rule granted.

*Where the defendant on an affidavit, of merits, to set aside an inquest taken by default, stated also that the verdict was taken for more than was due, and the opposite party offered to relinquish the surplus, the court refused the motion, but gave the defendant until a subsequent day in term, to produce a further affidavit to explain the former, as to his defence on the merits; and on such further affidavit, the motion was granted.*